## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**$37,564,565.25 in ACCOUNT NUMBER XXXXXXX9515 AT MORGAN STANLEY, IN THE NAME OF ANICORN LLC;**<br><br>**$21,113.21 in ACCOUNT NUMBER XXXXXX9537 AT WELLS FARGO, N.A., IN THE NAME OF ARTEMUS GROUP, LLC;**<br><br>**$25,002,568.63 in ACCOUNT NUMBER XXXXXX1078 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.; and**<br><br>**$11,314,205.00 in ACCOUNT NUMBER XXXXXX9974 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.;**<br><br>**Defendants *in rem*.** | **Civil Action No. 1:18-cv-02795 (CKK)** |

### AFFIDAVIT IN SUPPORT OF DEFAULT FOR ASSETS IDENTIFIED IN PARAGRAPHS 3(c) & 3(d) OF THE COMPLAINT

1.      I am an attorney of record for the Plaintiff, the United States of America, in the above-captioned case.

2.      This declaration is executed by me in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, for the purpose of enabling the plaintiff to obtain an entry of default against the defendant assets held in the name of Higginbotham Law P.C. (identified in paragraphs 3(c) and 3(d) of the Verified Complaint for Forfeiture *in rem*) (hereinafter "Defendant Assets C and D"), as no potential claimants have claimed an interest in these assets nor otherwise defended the action.

3.      The United States commenced this forfeiture action *in rem* against the defendant property by filing a verified complaint for forfeiture on November 30, 2018.  *See* Dkt. No. 1.

4.      At the time of the filing of the verified complaint, the defendants were in the custody of the United States Marshal Service.  On December 4, 2018, warrants for arrest *in rem* were issued for the defendant property.  Dkt. No. 5.  On January 29, 2019, the warrants of arrest *in rem* were served on the defendants.  *See* Dkt. No. 16.

5.      The United States gave notice of this action to all known potential claimants, pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules for Admiralty Or Maritime Claims and Asset Forfeiture Actions.  Supplemental Rule G(4)(b) requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant."  FED. R. CIV. P. SUPP. R. G(4)(b).

6.      The United States identified nine known potential claimants.  On or about December 3, 2018, the United States served direct notice on the known potential claimants via Certified Mail, Return Receipt and Federal Express (no signature required).  Only three of the known potential claimants—Prakazrel Michel ("Michel"), Anicorn, LLC ("Anicorn"), and Artemus Group, LLC ("Artemus")—timely filed a claim as to assets other than Defendant Assets C and D.  In accordance with Supplemental Rule G(5), the time for known potential claimants to file a claim in this action to Defendant Assets C and D expired on January 7, 2019. To date, no person or entity has filed a claim with respect to Defendant Assets C and D.

7.      Supplemental Rule G(4)(a) also requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. SUPP. R. G(4)(a)(iv)(C).  On December 7, 2018, the United States began posting such notice on an internet site, http://www.forfeiture.gov, for 30 consecutive days.  In accordance with Supplemental Rule G(5), all interested parties who did not receive direct notice

were required to file a claim no later than 60 days after the first day of publication of notice on an official internet forfeiture site, and answer within 21 days thereafter.  In the instant case, the time to file a claim for all interested persons who did not receive direct notice expired on February 5, 2019.  *See* FED. R. CIV. P. SUPP. R. G(5)(a)(ii)(B); Decl. Publication, Dkt. No. 17. Other than Michel, Anicorn, and Artemus, no other person or entity has filed a claim in the instant action to date.

8.      No party may contest the United States' allegation that Defendant Assets C and D are subject to forfeiture, because: (1) no claims have been filed with respect to Defendant Assets C and D; (2) the time for filing a claim has expired, and no extensions of time were given; (3) no person who reasonably appeared to be a potential claimant to Defendant Assets C and D is an infant or incompetent person; and (4) no potential claimant to Defendant Assets C or D is presently engaged in military service, within the meaning of the Service members' Civil Relief Act of 2003.

9.      Pursuant to Title 28, United States Code, Section 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

10.      Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court is requested to enter Default against Defendant Assets C and D, and all parties that might have an interest in them.

***

11.    Executed this 21st day of February, 2019, by undersigned counsel for plaintiff, the United States of America.

Respectfully submitted,

DEBORAH CONNOR
Chief, Money Laundering &
        Asset Recovery Section


*/s/ Rebecca A. Caruso*
Woo S. Lee
Deputy Chief
Joshua L. Sohn
Rebecca A. Caruso
Trial Attorney
Money Laundering & Asset Recovery Section
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20005
(202) 514-1263

Counsel for Plaintiff

UNITED STATES OF AMERICA