UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $37,564,565.25 in ACCOUNT NUMBER XXXXXXX9515 AT MORGAN STANLEY, IN THE NAME OF ANICORN, LLC; <br><br> $21,113.21 in ACCOUNT NUMBER XXXXXX9537 AT WELLS FARGO, N.A., IN THE NAME OF ARTEMUS GROUP, LLC; <br><br> $25,002,568.63 in ACCOUNT NUMBER XXXXXX1078 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.; and <br><br> $11,314,205.00 in ACCOUNT NUMBER XXXXXX9974 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.; <br><br> Defendants *in rem*. | Civil Action No. 1:18-cv-02795 (CKK) |

**DEFAULT JUDGMENT FOR ASSETS IDENTIFIED IN PARAGRAPHS 3(c) & 3(d) OF THE COMPLAINT AND FINAL ORDER OF FORFEITURE**

This matter comes before the Court upon the United States' Motion for Entry of Default Judgment and Order of Forfeiture. *See* ECF No. 21.

The Court has carefully reviewed the history of this case, which is a civil forfeiture action *in rem* against the Defendant Funds, including Defendant Assets C and D (collectively, the "Defaulted Assets"), which consist of $73,902,452.09 associated with Low Taek Jho ("Jho Low"), further described as: $37,564,565.25, held in the name of Anicorn, LLC; $21,113.21, held in the

name of Artemus Group, LLC; $25,002,568.63, held in the name of Higginbotham Law P.C. (Defendant Asset C); and $11,314,205.00, held in the name of Higginbotham Law P.C. (Defendant Asset D).

Defendant Assets C and D were seized by law enforcement on or about January 10, 2018 and February 27, 2018. On November 30, 2018, the United States filed its Verified Complaint for Forfeiture *In Rem* ("Complaint") seeking the forfeiture of various assets, including Defendant Assets C and D, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C). Dkt. No. 1. The United States sent direct notice, including a Notice of Forfeiture Action letter and a copy of the Verified Complaint, to all known potential claimants on December 3, 2018. A verified claim by the known potential claimants had to be filed with this Court within 35 days from the day of service of direct notice. The last such date to file a claim based on direct notice was January 7, 2019.

The United States also provided notification of this civil forfeiture action by publication pursuant to Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. On December 7, 2018, the government commenced notification of this forfeiture action on an internet site, http://www.forfeiture.gov, for 30 consecutive days. Thus, any verified claim in response to notice by publication other than from someone who received direct notice had to be filed not later than February 5, 2019.

No person filed a verified claim as to the Defaulted Assets, resulting in the entry of a Default by the Clerk on February 26, 2019. *See* Dkt. No. 20.

No other party or putative party filed a pleading to challenge forfeiture of the Defaulted Assets, and the time for filing a claim as to those assets has expired. *See* FED. R. CIV. P. SUPP. R.

G(5)(a)(ii). Thus, the United States is entitled to a default judgment for the Defaulted Assets pursuant to FED. R. CIV. P. 55. Based on the United States' well-pleaded allegations in its Verified Complaint for Forfeiture *In Rem*, the Court finds that the Defaulted Assets are subject to forfeiture on four grounds.

First, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as property constituting, and derived from, proceeds traceable to one or more instances of bank fraud, in violation of Title 18, United States Code, Section 1344; conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371; and false statements to a financial institution, in violation of Title 18, United States Code, Section 1014, each of which is a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A), 1956(c)(7)(B)(iv), and/or 1956(c)(7)(D), and a conspiracy to commit such offenses.

Second, pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in, and traceable to, one or more transactions or attempted transactions in violation of Title 18, United States Code, Section 1957, and a conspiracy to commit such offenses, in violation of Title 18, United States Code, Section 1956(h). Specifically, Defendant Assets C and D were involved in, and are traceable to funds involved in, one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, namely: bank fraud, in violation of Title 18, United States Code, Section 1344; conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371; and false statements to a financial institution, in violation of Title 18, United States Code, Section 1014.

Third, pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in, and traceable to, one or more transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and a conspiracy to commit such offenses, in violation of Title 18, United States Code, Section 1956(h). Specifically, Defendant Assets C and D were involved in, and are traceable to funds involved in, one or more financial transactions or attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, namely: bank fraud, in violation of Title 18, United States Code, Section 1344; conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 371; and false statements to a financial institution, in violation of Title 18, United States Code, Section 1014, and were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities, in violation of Title, 18, United States Code, Section 1956(a)(1)(B)(i).

Finally, pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in, and traceable to, one or more transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), and a conspiracy to commit such offenses, in violation of Title 18, United States Code, Section 1956(h). Specifically, Defendant Assets C and D were involved in, and are traceable to funds that were, and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer to a place in the United States from Hong Kong, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity, and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the

proceeds of specified unlawful activities, namely: bank fraud, in violation of Title 18, United States Code, Section 1344; and false statements to a financial institution, in violation of Title 18, United States Code, Section 1014.

As such, the Defaulted Assets are subject to forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C).

Furthermore, the Court finds that there is no just reason to delay entry of default judgment for Defendant Assets C and D. The claims as to these Defaulted Assets are ripe for resolution and entirely separate and distinct from those assets still under active litigation.

The Court finds that the Verified Complaint for Forfeiture *In Rem* states a factual and legal basis for forfeiture of the Defaulted Assets. In addition, the Court also finds that process was fully issued in this action with respect to the Defendant Funds and returned according to law. Finally, the Court finds that a final order of forfeiture vesting title to the Defaulted Assets in the United States will have no effect on any subsequent disposition of the other Claimed Assets. In consequence, no response, answer, or defenses remain interposed and no opposition has been made to the Plaintiff's Motion for Entry of a Default Judgment for Defendant Assets C and D.

Based upon the foregoing and the entire record in this action, it is by the Court, on this 15th day of March, 2019, hereby

**ORDERED**, that United States' Motion for Entry of a Default Judgment is ***GRANTED***; and it is further

***ORDERED, ADJUDGED, AND DECREED***, that Defendant Assets C and D are **HEREBY DECLARED FINALLY FORFEITED TO THE UNITED STATES OF AMERICA**, and that title to Defendant Assets C and D is vested in the United States of America;

5

and that no right, title, or interest in the defendant property shall exist in any other person; and it is further

**ORDERED**, that the Clerk of the Court may close this matter, as to Defendant Assets C and D, as fully resolved.

***IT IS SO ORDERED.***

_____
COLLEEN KOLLAR-KOTELLY
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA