## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>$37,564,565.25 in ACCOUNT NUMBER XXXXXXXX9515 AT MORGAN STANLEY, IN THE NAME OF ANICORN, LLC;<br><br>$21,113.21 in ACCOUNT NUMBER XXXXXX9537 AT WELLS FARGO, N.A., IN THE NAME OF ARTEMUS GROUP, LLC;<br><br>$25,002,568.63 in ACCOUNT NUMBER XXXXXX1078 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.; and<br><br>$11,314,205.00 in ACCOUNT NUMBER XXXXXX9974 AT CITIBANK, IN THE NAME OF HIGGINBOTHAM LAW P.C.;<br>    Defendants *in rem*. | Civil Action No. 18-cv-02795 (CKK) |

## MEMORANDUM OPINION & ORDER
(January 21, 2020)

The Court is in receipt of Plaintiff the United States' [34] Motion to Stay the Case. Defendant claimants oppose the request for a stay. In requesting a stay, the United States relies on 18 U.S.C. § 981(g)(1), which states "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceedings if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Claimants have two primary arguments as to why a stay is not warranted pursuant to the statute. First, claimants argue that the United States has not established that civil discovery *will* adversely affect a pending criminal investigation. Second, claimants contend that the United States has failed to establish that the criminal investigations which will be adversely affected are related to this civil forfeiture case. Addressing both arguments, the Court ultimately finds that a stay is warranted in this case pursuant to § 981(g)(1).

First, the Court finds that the United States has produced evidence that "civil discovery *will* affect" a criminal investigation. 18 U.S.C. § 981(g)(1) (emphasis added). The parties disagree about the standard of proof required to meet the statutory burden. The United States argues that it is sufficient to show that civil discovery *will likely* prejudice the criminal proceeding, while claimants contend that the United States must show that civil discovery *will* prejudice the criminal proceeding. The Court need not resolve this dispute because, assuming for purposes of this

Memorandum Opinion & Order that claimants state the correct standard, the Court finds that the United States has shown that civil discovery will prejudice a pending criminal proceeding.

As evidence that civil discovery in this case will adversely affect a pending criminal investigation, the United States submitted an ex parte affidavit, as is anticipated by § 981(g)(1). *See* 18 U.S.C. § 981(g)(5). Without discussing the substance of the ex parte affidavit, the affidavit explains the multiple ways in which proceeding with civil discovery would jeopardize pending criminal investigations "by causing the targets of those investigations to destroy or conceal evidence or alter their traceable channels for moving illicit funds." Pl.'s Reply, ECF No. 37, 3. While some of the subjects of investigation are aware of the pending investigations, some are not aware of the scope of the investigations. Disclosure of such information would make continued investigations more difficult for law enforcement. Ex Parte Affidavit of Robert B. Heuchling in Support of Plaintiff United States' Motion to Stay Case, ECF No. 35. Moreover, some of the pending criminal investigations remain in a pre-charging stage, exempting those investigations from discovery requirements. "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *United States v. All Funds on Deposit in Suntrust Account No. XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (quoting *U.S. v. One Assortment of Seventy–Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)). As such, the Court concludes that the United States has met its burden to show that proceeding with civil discovery would adversely affect pending criminal investigations.

Second, the Court finds that the United States has produced evidence that this civil forfeiture matter is related to the pending criminal investigations which would be affected. "In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). As an initial matter, claimants argue that the United States waived the argument that this matter is related to the pending criminal investigations by making the argument only in the ex parte affidavit. The Court disagrees. In its Motion, the United States stated that "there are several open U.S. criminal investigations related to the allegations in this civil forfeiture case." Pl.'s Mot., ECF No. 34, 4. As the statute anticipates, the details of the relatedness were provided in the ex parte affidavit "in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5). As such, the Court finds that the United States has not waived this argument.

And, in the ex parte affidavit, the United States provided evidence that this civil forfeiture matter is related to pending criminal matters which would be affected by discovery. This case involves allegations that Pras Michel and others made false statements to banks and concealed the source of funds in order to move money belonging to Jho Low into United States banks. *See generally* Compl., ECF No. 1. Without revealing the substance of the ex parte affidavit, the United States has produced evidence that pending criminal investigations involve similar "parties, witnesses, facts, and circumstances." 18 U.S.C. § 981(g)(4). The parties disagree as to whether or not the United States may rely on the relatedness of foreign investigations to stay this case. However, the Court need not resolve this argument because the United States has introduced

sufficient evidence of domestic investigations related to this matter which would be adversely affected by civil discovery.

Accordingly, the Court finds that the United States has met the requirements of § 981(g)(1) and that a stay is merited. The Untied States requests a 180-day stay while claimants argue that any stay should be no longer than 90 days. The Court finds that a stay of 135 days is reasonable. If the United States requires a stay past the 135 days, on or before JUNE 4, 2020, the United States is ordered to file an ex parte status report specifically explaining why a stay is still merited under § 981(g)(1). If after 135 days, or during the pendency of the 135 days, a stay is no longer needed, the parties shall file a Joint Status Report setting forth proposed next steps. The Court further notes that the United States has indicated its willingness to meet and confer with claimants about whether or not certain aspects of this case may be exempted from this stay. Pl.'s Reply, ECF No. 37, 6-7.

**SO ORDERED.**

_____/s/_____

COLLEEN KOLLAR-KOTELLY

United States District Judge